UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RUSHAWN MATTHEWS,           :
                            :
          Petitioner,       :
                            :          1:14-cv-213
     v.                     :
                            :          Hon. John E. Jones III
TABB BICKELL, *et al.,*     :
                            :
          Respondents.      :

## MEMORANDUM

### February 18, 2014

Petitioner Rushawn Matthews ("Petitioner" or "Matthews"), an inmate presently confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above captioned *pro se* action by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2254.  (Doc. 1).  Named as Respondents are Tabb Bickell and the Pennsylvania State Attorney General.  (*Id.*).  On February 7, 2014, Petitioner filed a motion for leave to proceed *in forma pauperis.*  (Doc. 2).  For the reasons discussed below, the Court will transfer the Petition to the United States District Court for the Eastern District of Pennsylvania.

## I.  Background

On September 18, 2009, Matthews was convicted of murder in the first degree in the Court of Common Pleas of Lehigh County, Pennsylvania.  (Doc. 1).

On October 5, 2009, Matthews was sentenced to life in prison.  (*Id.*).  Petitioner is

challenging this conviction and/or sentence in his instant habeas petition.  (*Id.*).

## II.  Discussion

For state prisoners who seek to contest some aspect of their state sentences,

28 U.S.C. §2241(d) specifies where habeas corpus petitions should be filed, and

provides as follows:

> Where an application for a writ of habeas corpus is made by a person in
> custody under the judgment and sentence of a State court of a State which
> contains two or more Federal judicial districts, the application may be filed
> in the district court for the district wherein such person is in custody or in the
> district court for the district within which the State court was held which
> convicted and sentenced him and each of such district courts shall have
> concurrent jurisdiction to entertain the application.  The district court for the
> district wherein such an application is filed in the exercise of its discretion
> and in furtherance of justice may transfer the application to the other district
> court for hearing and determination.

28 U.S.C. § 2241(d).

Thus, state prisoner habeas corpus petitions may be brought in the federal

judicial district in which the state court of the conviction is located or, when the

prisoner is confined in a prison located in another federal district in the same state

as the state of conviction, the petition may also be brought in the district of

confinement.  *See* 28 U.S.C. § 2241(d).  However, § 2241(d) also provides that the

district court for the district in which the petition is filed may "in furtherance of

justice" transfer the petition to the federal district court in which the state court of

the conviction is located.  28 U.S.C. § 2241(d).  *See also Miller v. Hambrick*, 905

F.2d 259, 262 (9th Cir. 1990). The United States Court of Appeals for the Third Circuit has also "note[d] that it is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses." *In re Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001) (internal citations omitted).

   In this case, Petitioner is a state prisoner who is housed in the Middle District of Pennsylvania but who is challenging a state conviction he received from Lehigh County. As such, the conviction and underlying state case are matters that fall under the territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. §118(a). Since this offense, state prosecution, and sentencing all took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 2241(d). *See also Miller*, 905 F.2d at 262 (9th Cir. 1990). An appropriate Order will enter on today's date.